UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAWRENCE SCHWARTZWALD,

      Plaintiff,

 -against-

ZEALOT NETWORKS, INC.,

      Defendant.
------------------------------------------------------------x

REPORT &
RECOMMENDATION
19-CV-5979 (LDH) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

  Plaintiff Lawrence Schwartzwald brings this action under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, against defendant Zealot Networks, Inc., alleging that defendant unlawfully reproduced and displayed a photograph of Jon Hamm (the "Photograph") that plaintiff authored and registered with the United States Copyright Office. Compl. ¶¶ 1, 7–11, Dkt. 1. Plaintiff seeks actual damages based on his lost licensing fee and defendant's unlawful profits, attorney's fees and costs, and interest on the judgment. Compl. at 4; St. of Damages,[1] Dkt. 12; Proposed Default J. ¶ 5, Dkt. 13.

  Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered defendant's default on June 24, 2020. Dkt. 9. Plaintiff now moves for default judgment. Dkt. 10. The Honorable LaShann DeArcy Hall referred plaintiff's motion to me for report and recommendation. Order dated June 26, 2020.

---

[1] In violation of Local Rule 7.1(a)(2), plaintiff has failed to submit a memorandum of law in support of his motion for default judgment. In evaluating plaintiff's motion, the Court therefore relies on the Statement of Damages, Dkt. 12, and supplemental affidavit, Dkt. 17.

For the reasons stated below, I respectfully recommend granting plaintiff's motion, but awarding him only a portion of the damages sought.

## DISCUSSION

### I. Liability

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(a). Once a default is entered, moreover, "a court is required to accept all…factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*, 536 F. App'x 45, 46 (2d Cir. 2013) (same).

Plaintiff brings this action pursuant to Sections 106 and 501 of the Copyright Act. Compl. ¶ 15. Section 106 affords copyright owners the "exclusive rights…to reproduce the copyrighted work in copies" and "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106; *Schwartzwald v. Oath Inc.*, 2020 WL 5441291, at *3 (S.D.N.Y. Sept. 10, 2020). "Section 501(b) provides a right of action for infringement by '[t]he legal or beneficial owner of an exclusive right under a copyright.'" *Dermansky v. Tel. Media, LLC*, 2020 WL 1233943, at *2 (E.D.N.Y. Mar. 13, 2020) (quoting 17 U.S.C. § 501(b)). To establish liability under Section 501, a copyright owner "must demonstrate that he owns a valid copyright and that copied elements of the work were original." *Mango v. Northside Media Grp., LLC*, 2019 WL 4262018, at *2

(E.D.N.Y. Aug. 6, 2019) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)), *report and recommendation adopted*, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019).

Accepting the allegations of the Complaint as true, plaintiff has established liability under Section 501. "Ownership of a valid copyright can be established by the introduction into evidence of a Copyright Office certificate of registration." *Pasatieri v. Starline Prods., Inc.*, 2020 WL 207352, at *2 (E.D.N.Y. Jan. 14, 2020) (internal quotation marks omitted). Though plaintiff has not submitted his copyright registration as an attachment to his Complaint or motion for default judgment, "[c]ourts may take judicial notice of copyright registrations as published in the Copyright Office's registry." *Mango*, 2019 WL 4262018, at *2; *accord Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). Accordingly, the Court takes judicial notice of plaintiff's copyright registration, which is recorded online by the United States Copyright Office and names plaintiff as the author and copyright owner of the Photograph.[2]

"In order to establish the second element, Plaintiff must meet a 'minimal' burden to show that the Photograph is his original work and allege a violation of his exclusive rights under § 106." *Pasatieri*, 2020 WL 207352, at *2. Aspects of a photograph, including the "subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken," suffice to establish originality. *Id.* Plaintiff has thus met the requirements of the second element. The Complaint's allegations and exhibits establish that the Photograph is plaintiff's original work and that defendant used the Photograph without obtaining plaintiff's permission. Compl. ¶¶ 8, 11. Moreover, the subject matter and the angle of the photograph are

---

[2] The registration may be found by going to this link: https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?DB=local&PAGE=First and searching for "VA0002053227" in the registration number field. *See* Compl. ¶ 9 (identifying the Photograph's copyright registration number in a non-searchable format).

3

sufficient to establish that the image is an original work that was used by defendant. *Compare* the Photograph, Ex. A, Dkt. 1-1 *with* the image published by defendant, Ex. B, Dkt. 1-2. *See Boisson v. Banian, Ltd*, 273 F.3d 262, 268 (2d Cir. 2001) ("Originality does not mean that the work for which copyright protection is sought must be either novel or unique, [] it simply means a work independently created by its author, one not copied from pre-existing works, and a work that comes from the exercise of the creative powers of the author's mind, in other words, the fruits of [the author's] intellectual labor." (internal quotation marks and citation omitted)).

For these reasons, the Court respectfully recommends holding defendant liable for copyright infringement and for the damages set forth below.

## II.     Remedies

Unlike those concerning liability, allegations relating to damages are not deemed admitted upon default. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Greyhound Exhibitgroup*, 973 F.2d at 158. However, "these steps are not necessary as long as [the court] ensure[s] that there was a basis for the damages specified in the default judgment." *Joe Hand Promotions, Inc. v. Levin*, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (alterations in original) (internal quotation marks and citation omitted). A court may make this determination upon a review of detailed affidavits and documentary evidence. *See Fustok v. Conticommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

4

As noted above, plaintiff seeks actual damages. Under the Copyright Act, "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). While

> [t]he award of the infringer's profits examines the facts only from the infringer's point of view… mak[ing] him disgorge the profit to insure that he not benefit from his wrongdoing[, t]he award of the owner's actual damages looks at the facts from the point of view of the copyright owner; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act.

*On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001), *as amended* (May 15, 2001). Each of the "two categories of compensation have different justifications and are based on different financial data." *Id.*; *see also Millennium TGA, Inc. v. Leon*, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013) ("The purpose of providing both compensatory damages and profits is to 'prevent the infringer from unfairly benefitting from its wrongful act.'" (quoting *Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co.*, Inc., 807 F.2d 1110, 1118 (2d Cir. 1986)).

"[I]ndirect evidence may be used to fix the amount of the damages…[including] the profits which the plaintiff might have earned were it not for the defendant's infringement." *Fitzgerald Publ'g Co.*, 807 F.2d at 1118. In this respect, "the copyright owner is competent to testify as to the extent to which the copyright's value has been injured or destroyed by defendant's actions." *Id.* at 1118–19. That said, "an award of actual damages may not be based on undue speculation." *Pasatieri*, 2020 WL 207352, at *4 (internal quotation marks omitted). Rather, "some reasonable basis for computation has to be used, even though the calculation may only be approximate." *Renna v. Queens Ledger/Greenpoint Star Inc.*, 2019 WL 5458798, at *2 (E.D.N.Y. Oct. 2, 2019) (internal quotations marks and citation omitted), *report and recommendation adopted*, 2019 WL 5457735 (E.D.N.Y. Oct. 24, 2019). Thus, a plaintiff's

5

"fail[ure] to submit any documentary evidence—such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself," may warrant denial of actual damages. *Pasatieri*, 2020 WL 207352, at *4 (internal quotation marks and citation omitted). Likewise, to recover damages based on defendant's profits, plaintiff must provide some information or documentary evidence on which the Court may base an award. *See Romanowicz v. Alister & Paine, Inc.*, 2018 WL 4762980, at *5 (S.D.N.Y. Aug. 3, 2018) ("While it is true that a plaintiff can recover a defendant's profits from the use of the photograph, Plaintiff does not provide any information from which the Court could reliably ascertain such profits, if any."), *report and recommendation adopted*, 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018).

Here, plaintiff requests $5,000 in actual damages. *See* St. of Damages ¶ 1. Plaintiff attributes $2,500 of the total damages requested to "the fair market value of the Photograph[] [which] Plaintiff would have been reasonably entitled to charge had Defendant contacted him to obtain permission." *Id.* ¶ 3. In support, plaintiff submits a supplemental exhibit showing that Getty Images, "the leading stock photography agency," has set the licensing fee for a similar photograph of Jon Hamm at $2,515. Schwartzwald Aff. ¶ 3, Dkt. 17; Licensing Fee Ex., Dkt. 17-1. Plaintiff is thus entitled to an award of $2,500, having provided the Court with some documentation supporting the calculation of his lost licensing fee. *See Ozuzu v. Function(x), Inc.*, 2020 WL 4926247, at *1–*2 (S.D.N.Y. Aug. 21, 2020) (awarding plaintiff actual damages of $1,500 based on an exhibit showing that Getty Images set the licensing fee of a similar photograph at a comparable amount); *Madden v. DreamWorks, LLC*, 2009 WL 10706573, at *3 (E.D.N.Y. July 6, 2009) (noting "that a copyright owner may support an 'actual damages' award under 17 U.S.C. § 504(b) by establishing a 'fair market value' for a lost licensing opportunity").

The balance of requested damages, $2,500, presumably corresponds to the plaintiff's estimate of the "profits Defendants generated from exploitation of the Photograph[]." *See* St. of Damages ¶ 4. Apart from citing case law in support of the proposition that an award of actual damages "should be broadly construed to favor victims [] of infringement," plaintiff provides no evidentiary basis for the court to infer that defendant's use of the Photograph generated profits of $2,500. *See id.* (citing *On Davis*, 246 F.3d at 164). Indeed, there is no logical reason to infer that defendant's use of the Photograph to accompany an online article resulted in a profit equal to plaintiff's typical licensing fee or, for that matter, any other ascertainable amount. I therefore respectfully recommend denying the portion of plaintiff's requested damages that are based on defendant's profits. *See Ozuzu*, 2020 WL 4926247, at *2 (denying plaintiff's request for an additional award, separate from plaintiff's lost licensing fee, because "it is unknown what profits Defendant generated from exploitation of the Photograph"); *Pasatieri*, 2020 WL 207352, at *5 (denying plaintiff's request for actual damages in the amount of defendant's unlawful profits "due to the absence of any supporting documentation or other competent evidence").

For the reasons stated above, I respectfully recommend that plaintiff be awarded actual damages of $2,500.

### III. Attorney's Fees and Costs

#### A. Attorney's Fees

Plaintiff seeks $1,912.50 in attorney's fees for a total of 4.5 hours of work at a rate of $425 per hour. Decl. of Richard Liebowitz ("Liebowitz Decl.") ¶¶ 16–18, Dkt. 11. Though the court may, in its discretion, grant attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505, "applicable law precludes such an award where [] the infringement occurs after the work's first publication and more than three months before copyright registration." *Mango*, 2019 WL

7

4262018, at *3 (collecting cases); *see also On Davis*, 246 F.3d at 158 n. 1.  Here, according to plaintiff's copyright registration, the first publication of the photograph was on July 9, 2012, and the copyright was registered on May 18, 2017.  *See supra* note 2.  Defendant's infringement occurred on March 27, 2013.  *See* Ex. B.  I therefore respectfully recommend denying plaintiff's request for attorney's fees.

### B. Costs

The Copyright Act provides for the reimbursement of costs.  *See* 17 U.S.C. § 505.  Plaintiff requests $440 in costs to cover the Court's filing fee of $400 and a service fee of $40.  Liebowitz Decl. ¶ 19.  The $400 filing fee is reflected on the docket but plaintiff has provided no invoice in support of his request for service costs.  Accordingly, I respectfully recommend awarding plaintiff $400 in costs.

### C. Interest

Though plaintiff initially sought prejudgment interest, *see* Compl. at 4, he now seeks only post-judgment interest pursuant to 28 U.S.C. § 1961, *see* Proposed Default J. ¶ 5.  *See Mango*, 2019 WL 4262018, at *3 (construing plaintiff's failure to pursue prejudgment interest after filing the initial complaint as abandoning that form of relief).  Accordingly, I respectfully recommend that judgment provide for post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961.

## CONCLUSION

For all the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be granted, and that plaintiff be awarded $2,500 in actual damages and $400 in costs.  I further recommend that plaintiff be awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

Any objections to the recommendations made in this Report must be made within fourteen days after the filing of this Report and Recommendation and, in any event, on or before January 11, 2021. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Counsel for plaintiff shall serve a copy of this Report and Recommendation on defendant by letter and promptly file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 27, 2020

*U:\#ECC 2019-2020\19-cv-5979 Schwartzwald v. Zealot\Schwartzwald RR FINAL.docx*